UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LYDIA C. GRANADOS,<br><br>Plaintiff,<br><br>v.<br><br>PRECISION DEBT RELIEF, INC.,<br><br>Defendant. | Case No: 1:24-cv-01343 |

## COMPLAINT

**NOW COMES** LYDIA C. GRANADOS ("Plaintiff") by and through her undersigned counsel, complaining as to the conduct of PRECISION DEBT RELIEF, INC., ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations pursuant to the Credit Repair Organizations Act ("CROA") under 15 U.S.C. § 1679 *et seq.,* the Illinois Credit Services Organization Act ("ICSOA") under 815 ILCS 605/1 *et seq.,* the Illinois Debt Settlement Consumer Protection Act ("IDSCPA") under 225 ILCS 429/1 *et seq.,* the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") under 815 ILCS 505/1 *et seq.*, as well as Fraudulent Misrepresentation, stemming from Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the CROA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

1

3. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) as a substantial portion of the events and omissions giving rise to this claim occurred in the Northern District of Illinois, Defendant regularly conducts business in the Northern District of Illinois, and Plaintiff resides in the Northern District of Illinois.

## PARTIES

5. Plaintiff is a consumer over 18 years of age residing in Chicago, Illinois.

6. Defendant is a credit repair and debt relief company that claims to negotiate with its customer's creditors to settle their consumer debts for less than the amount owed to improve their overall credit worthiness. Defendant is incorporated under the laws of the state of Texas and is located at 36 South State St., Ste. 1400, Salt Lake City, Utah 84111.

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8. In August 2022, Plaintiff had a number of debts which were impacting her credit, prompting her to begin looking for companies who may be able to assist her in improving her overall credit ratings and resolving her obligations.

9. Subsequently thereafter, Plaintiff happened upon Defendant through its representations that it could help consumers resolve their obligations by negotiating with creditors to reduce their outstanding debts and to remove creditors from their consumer credit reports.

2

10. Plaintiff spoke with Defendant who advised that Defendant would be able to resolve her debt obligations by negotiating with creditors to reduce her outstanding debts and to remove creditors from her consumer credit reports, and that in order to do so, Plaintiff would need to make monthly payments over a certain period of time, which would go towards Defendant resolving her obligations and ultimately increasing her creditworthiness.

11. On August 18, 2022, Plaintiff entered into a contract with Defendant for its provision of credit repair and debt relief services. Plaintiff provided the debts she wanted addressed to Defendant and Defendant advised that it would be able to resolve her enrolled debts for monthly payments of $338 over a 15-month period.

12. Specifically, Plaintiff enrolled four debts totaling approximately $12,675.

13. For nearly one year, Plaintiff proceeded to make her monthly payments to Defendant in a consistent and timely manner.

14. Throughout their dealings, Defendant deceptively and misleadingly strung Plaintiff along, telling her what she wanted to hear in order for her to continue to make her monthly payments, only to turn around and fail to deliver on the promises and representations that induced Plaintiff's continued participation in Defendant's services. Plaintiff detrimentally relied on Defendant's false promises.

15. Defendant promised Plaintiff that her debts would be handled with care and that Defendant would negotiate with Plaintiff's creditors to settle all accounts and remove them from her credit reports.

16. Moreover, Defendant eventually stopped communicating with Plaintiff entirely and failed to answer or return any of her phone calls.

17. Despite telling Plaintiff it would negotiate with creditors to reduce her outstanding debts, Defendant failed to engage with Plaintiff's creditors and continued to retain its fees without paying Plaintiff's creditors.

18. Specifically, Plaintiff engaged Defendant for 11 months and has paid Defendant no less than $3,718. During this time, Defendant failed to resolve her enrolled debts despite its promise to resolve all of Plaintiff's debts, which Plaintiff detrimentally relied on.

19. Defendant's failure to effectively negotiate settlements left Plaintiff creditworthiness severely compromised, leading to substantial damage to her financial reputation and a substantial decrease to Plaintiff's FICO credit scores.[1]

20. In August, 2023, due to its deficient services, Plaintiff ended her enrollment in Defendant's program.

21. Despite having ample funds, Defendant failed to fulfill its representations and neglected to make meaningful progress in resolving Plaintiff's outstanding debts.

22. Defendant's inactions and unfulfilled promises paints a picture of the misleading and deceptive nature of Defendant's services, resulting in financial harm to consumers and their creditworthiness.

23. Despite making timely monthly payments, Defendant did not properly handle Plaintiff's enrolled debts that she wanted addressed.

24. Frustrated, distressed, and concerned over Defendant's conduct, Plaintiff spoke with the undersigned attorney regarding her rights.

---

[1] FICO is an acronym for Fair Isaac Corporation, the company that developed the FICO credit scoring models that many lenders use to help accurately predict a consumer's ability to repay a debt on time.

25. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, emotional distress, aggravation, mental anguish, pecuniary loss stemming from the payments made to Defendant for deficient credit repair services, payments made to Defendant in violation of federal law and federally protected interests to be free from deceptive and misleading conduct on the part of purported credit repair organizations and debt management companies.

## COUNT I – VIOLATIONS OF THE CREDIT REPAIR ORGANIZATIONS ACT

26. Plaintiff restates and realleges paragraphs 1 through 25 as though fully set forth herein.

27. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1679a(1) of the CROA.

28. Defendant is a "credit repair organization" as defined by §1679a(3) of the CROA, as it is a person who uses any instrumentality of interstate commerce or the mails to sell, provide, or perform any service, in return for the payment of money or other valuable consideration, for the express or implied purpose of improving a consumer's credit, credit history, or credit rating, or providing assistance to any consumer with regard to any activity or service for the purpose of improving a consumer's credit.

    a. **Violations of CROA § 1679b(a)**

29. The CROA, pursuant to 15 U.S.C. § 1679b(a)(3) prohibits any person from "mak[ing] or us[ing] any untrue or misleading representation of the services of the credit repair organization." Additionally, pursuant to 15 U.S.C. § 1679b(a)(4), any person is prohibited from "engag[ing], directly or indirectly, in any act, practice, or course of business that constitutes or results in the commission of, or an attempt to commit, a fraud or deception on any person in connection with the offer or sale of the services of the credit repair organization."

30. Defendant violated the above referenced provisions of the CROA through its misrepresentations and deception as to the nature of the credit repair services it would provide

Plaintiff. Despite promising Plaintiff that it would properly engage Plaintiff's creditors to reduce her debt and remove accounts from her credit report, Defendant failed to employ its resources to significantly reduce her outstanding debts.

31. Further, Defendant violated the CROA through the deceptive nature of ending all communication with Plaintiff. Upon information and belief, Defendant deceptively induces consumers into enrolling in its services then ceases all communications with them once they enroll in its automatic billing system. Defendant's unlawful practices constitutes a fraud designed to extract payments from consumers beyond that which Defendant originally represents in its initial meeting with consumers.

    b. **Violations of CROA § 1679b(b)**

32. The CROA, pursuant to 15 U.S.C. § 1679b(b), provides that "[n]o credit repair organization may charge or receive any money or other valuable consideration for the performance of any service which the credit repair organization has agreed to perform for any consumer before such service is fully performed."

33. Defendant violated § 1679b(b) through its charging and receiving of money for services agreed to perform before such services are fully performed. Defendant has maintained Plaintiff's monthly payments, and failed to return the same, despite Defendant having failed to perform any of the services that would justify Defendant's retention of Plaintiff's monthly payments.

    c. **Violation of CROA § 1679c**

34. The CROA provides that a credit repair organization must provide consumers with certain written disclosures in the contract underpinning the provision of credit repair services to consumer. Pursuant to 15 U.S.C. § 1679c(b), "the written statement required under this section shall be provided as a document which is separate from any written contract or other agreement between

the credit repair organization and the consumer or any other written material provided to the consumer."

35. Defendant violated 15 U.S.C. § 1679c through its failure to provide the written disclosures required under § 1679c in a statement separate from the written contract or other material provided to the consumer.

### d. Violation of CROA § 1679d(4)

36. The CROA, pursuant to 15 U.S.C. § 1679d(4), requires credit repair organization to include, in the contract between them and a consumer, "a conspicuous statement in bold face type, in immediate proximity to the space reserved for the consumer's signature on the contract, which reads as follows: 'You may cancel this contract without penalty or obligation at any time before midnight of the 3rd business day after the date on which you signed the contract. See the attached notice of cancellation form for an explanation of this right.'"

37. Defendant violated 15 U.S.C. § 1679d(4) through its complete failure to provide the above disclosure in immediate proximity to the space reserved for Plaintiff' signature on the contract. Nowhere in the contract between Plaintiff and Defendant does Defendant provide such a disclosure in bold face type in immediate proximity to the space reserved for Plaintiff' signature, demonstrating Defendant's direct violation of § 1679d(4).

38. As a result of Defendant's deficient contract, the contract should be deemed void and unenforceable. 15 U.S.C. § 1679f(c).

39. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff, LYDIA C. GRANADOS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

7

b. Awarding Plaintiff actual damages to be determined at trial, as provided under 15 U.S.C. § 1679g(a)(1);

c. Awarding Plaintiff punitive damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1679g(a)(2)(A);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1679g(a)(3); and,

e. Awarding any other relief as the Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE ILLINOIS CREDIT SERVICES ORGANIZATION ACT

40. Plaintiff restates and realleges paragraphs 1 through 39 as though fully set forth herein.

41. Plaintiff is a "Buyer" as defined by 815 ILCS 605/3(a).

42. Defendant is a "Credit Services Organization" as defined by 815 ILCS 605/3(d).

### a. Violation of ICSOA – 815 ILCS 605/5(d)

43. The ICSOA, pursuant to 815 ILCS 605/5(d), prohibits a credit services organization from "[m]ak[ing[ or us[ing] any untrue or misleading representations in the offer or sale of the services of a credit services organization or engage, directly and indirectly, in any act, practice, or course of business intended to defraud or deceive a buyer in connection with the offer or sale of such services; including but not limited to: . . . the qualifications, training or experience of its personnel; or the amount of credit improvement the consumer can expect to receive as a result of the services."

44. Defendant violated 815 ILCS 605/5(d) through the same conduct that violates 15 U.S.C. § 1679b(a) outlined above. Plaintiff incorporates those paragraphs herein by reference.

**WHEREFORE**, Plaintiff, LYDIA C. GRANADOS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages pursuant to 815 ILCS 605/11;

    c.  Awarding Plaintiff punitive damages pursuant to 8;15 ILCS 605/11;

    d.  Awarding Plaintiff costs and reasonable attorney fees, pursuant to 815 ILCS 605/11; and,

    e.  Awarding any other relief as the Honorable Court deems just and appropriate.

**COUNT III – VIOLATIONS OF THE ILLINOIS DEBT SETTLEMENT CONSUMER PROTECTION ACT**

45. Plaintiff restates and realleges paragraphs 1 through 44 as though fully set forth herein.

46. Plaintiff is a "consumer" as defined by 225 ILCS 429/10.

47. Defendant is a "debt settlement provider" as defined by 225 ILCS 429/10.

    a.  **Violations of 225 ILCS 429/120**

48. The IDSCPA, pursuant to 225 ILCS 429/10, outlines the nature of the required information debt settlement providers must provide in their contracts with consumers.

49. Defendant violated 225 ILCS 429/10 through its failure to provide the extent of requisite information required to be provided in its contract with Plaintiff.

    b.  **Violations of 225 ILCS 429/125**

50. The IDSCPA, pursuant to 225 ILCS 429/125, outlines the nature of fees to be charged by debt settlement providers.

51. Defendant violated 225 ILCS 429/125 through the nature of its billing practices. The IDSCPA prohibits debt settlement providers from charging any fees prior to a debt being paid in full, whereas Defendant charges fees before fully completing the services it has agreed to perform.

    c.  **Violations of 225 ILCS 429/140**

52. The IDSCPA, pursuant to 225 ILCS 429/140, provides that "[a] debt settlement provider shall act in good faith in all matters under this Act."

53. Defendant violated the above provision of the IDSCPA through its failure to act in good faith at all times in its relations and dealings with Plaintiff.

### d. Violations of 225 ILCS 429/145

54. The IDSCPA, pursuant to 225 ILCS 429/145, outlines a number of prohibited practices on the part of debt settlement providers.

55. 225 ILCS 429/145(1) provides that a debt settlement provider shall not "[c]harge or collect from a consumer any fee not permitted by, in an amount in excess of the maximum amount permitted by, or at a time earlier than permitted by Section 125 of [the IDSCPA]."

56. Defendant violated the above provision of the IDSCPA through the nature of its billing practices, discussed above.

57. 225 ILCS 429/145(2) provides that a debt settlement provider shall not "[a]dvise or represent, expressly or by implication, that consumers should stop making payments to their creditors, lenders, loan servicers, or loan guarantors or government entities."

58. Defendant violated the above provision of the IDSCPA through its explicit and implicit instructions that Plaintiff should cease making payments in connection with enrolled obligations.

59. 225 ILCS 429/145(12) provides that a debt settlement provider shall not enter into a contract with a consumer without providing the requisite disclosures.

60. Defendant violated the above provisions of the IDSCPA by contracting with Plaintiff despite failing to provide the requisite disclosures.

61. 225 ILCS 429/145(13) provides that a debt settlement provider shall not "misrepresent any material fact, make a material omission, or make a false promise directed to one or more consumers in connection with the solicitation, offering, contracting, or provision of debt settlement services." Similarly, 225 ILCS 429/145(17) provides that a debt settlement provider shall not "employ an

unfair, unconscionable, or deceptive act or practice, including the knowing omission of any material information."

62. Defendant violated the above provisions of the IDSCPA in much the same way it violated the numerous provisions of the CROA outlined above.

**WHEREFORE**, Plaintiff, LYDIA C. GRANADOS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages pursuant to 225 ILCS 429/155(b) and 815 ILCS 505/10a;

c. Awarding Plaintiff punitive damages pursuant to 225 ILCS 429/155(b) and 815 ILCS 505/10a;

d. Awarding Plaintiff's costs and reasonable attorney fees, pursuant to 225 ILCS 429/155(b) and 815 ILCS 505/10a ; and,

e. Awarding any other relief this court deems just and appropriate.

### COUNT IV – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

63. Plaintiff restates and realleges paragraphs 1 through 62 as though fully set forth herein.

64. Plaintiff is "any person" as defined by 815 ILCS 505/10a(a).

65. Defendant's services and conduct constitute "trade" and "commerce" as defined by 815 ILCS 505/1(f) of the ICFA.

66. The ICFA states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or

commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

67. Defendant violated the ICFA through its unfair and deceptive conduct it engaged in connection with the manner in which it represented its services to Plaintiff and subsequently provided services to Plaintiff, outlined at length above.

68. Furthermore, violations of the IDSCPA constitute violations of the ICFA. *See* 225 ILCS 429/155(a).

**WHEREFORE**, Plaintiff, LYDIA C. GRANADOS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Awarding any other relief as this court deems just and appropriate.

## COUNT V – FRAUDULENT MISREPRESENTATION

69. Plaintiff restates and realleges paragraphs 1 through 68 as though fully set forth herein.

70. In Illinois, the elements for a fraudulent misrepresentation claim include: (1) a false statement of material fact; (2) the defendant's knowledge or belief that the statement was false; (3) the defendant's intent that the statement induce the plaintiff to act or refrain from acting; (4) the plaintiff's justifiable reliance upon the truth of the statement; and (5) damages resulting from the plaintiff's reliance on the statement. *Ringgold Capital IV, LLC v. Finley*, 2013 IL App (1st) 121702, ¶ 37.

71. Defendant engaged in fraudulent misrepresentation through the misrepresentations regarding the nature and efficacy of its services. Defendant misrepresented the credit repair services it would provide Plaintiff. Specifically, Defendant promised Plaintiff that it would be able to reduce Plaintiff's outstanding debts and improve her creditworthiness. Defendant made this representation despite knowing the false and deceptive nature of its representations. Defendant intended that Plaintiff rely on the representations as they were done in an attempt to convince Plaintiff as to the nature and efficacy of Defendant's services. Plaintiff relied upon Defendant's representations to her detriment as she agreed to use Defendant's services, and subsequently make payments, as a direct result of the way in which Defendant held out its services to Plaintiff.

72. As outlined above, Plaintiff was harmed by Defendant's fraudulent misrepresentations.

**WHEREFORE**, Plaintiff, LYDIA C. GRANADOS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Enter judgment in Plaintiff's favor and against Defendant;

b. Award Plaintiff her actual damages in an amount to be determined at trial;

c. Award Plaintiff equitable relief, including enjoining Defendant from further violations of law;

d. Award Plaintiff costs and reasonable attorneys' fees; and,

e. Award any other relief this Honorable Court deems equitable and just.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

Dated: February 16, 2024                                           Respectfully submitted,

<u>/s/ Marwan R. Daher</u>
Marwan Rocco Daher, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 S. Highland Avenue,
Suite 200

Lombard, Illinois 60148
Phone: (630) 537-1770
mdaher@sulaimanlaw.com

14